UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**DALE R. MOTL,**
N3807 County Road Y,
Jefferson, WI 53549

    Plaintiff,

vs.                         **Case No.** 21CV675

**MARGRAF COLLECTION AGENCY,**
112 N. Main Street,
Fort Atkinson, WI 53538
    c/o Registered Agent: Brian Haukom
    112 N. Main St.
    P.O. Box 306
    Fort Atkinson, WI 53538

    Defendant.

## COMPLAINT

**NOW COMES,** the Plaintiff, Dale R. Motl, by and through his Attorneys, Attorney Briane F. Pagel and Lawton & Cates, S.C. and as and for a complaint against the above-named defendant, and hereby alleges:

1. Dale R. Motl ("Motl") is an individual citizen of Wisconsin residing at N3807 County Road Y, Jefferson WI 53549.
2. Defendant Margraf Collection Agency ("Margraf") is a business organization which regularly engages in the collection of debts on behalf of third parties; the debts Margraf regularly attempts to collect are primarily debts which were incurred by the debtors for their own personal or family purposes.
3. Between January 2017 and January 2020, Motl periodically received medical services from a company known as "Fort Healthcare."

1

4. Beginning in or about January 2020, Fort Healthcare began trying to collect money from Motl for services it alleged it had provided to Motl and which it alleged he had not paid for.

5. The debts Fort Healthcare sought to collect arose from 10 different treatment dates, each of which was an individual transaction, with said treatment dates spanning approximately 2 ½ years. The oldest treatment date subject to collections referenced herein was in January 2017.

6. Since 2017, Motl attempted to and was allowed to make payments in installments to Fort Healthcare.

7. Motl believed he was allowed to pay in installments on the obligations owed to Fort Healthcare.

8. Motl's belief regarding his ability to pay in installments was fostered by Fort Healthcare's conduct.

9. As far back as 2014 Fort Healthcare allowed Motl to make periodic installment payments. In 2014, Motl paid $122 towards a balance and was allowed to pay the remaining balance "the next month."

10. Motl's periodic payments sometimes resulted in him having a credit balance on his bill, since his periodic payments exceeded the amount he owed.

11. In 2016, Motl continued to make periodic payments to Fort Healthcare for his medical services. Fort Healthcare's internal notes show that these periodic payments were applied "to other balances."

12. In August 2017, Fort Healthcare's internal notes expressly show that it offered Motl a payment plan on his then-pending bills.

13. In September 2017, Motl called and said he wanted to make a payment on the bill, and Fort Healthcare suggested something called a "medical loan," and discussed a "CC app." Fort Healthcare at that time did not tell Motl that he could not pay in installments and did not require payment in full of any outstanding amount it alleged Motl owed.

14. In October 2017, Motl called and left a message for Fort Healthcare asking to make a payment on his bill.

15. Nothing in any contract signed by Motl says when payments are due or denies Motl the right to pay in installments.

16. Fort Healthcare, in order to attempt to collect money it believed it was owed by Motl, employed defendant Margraf Collection Agency, Inc.
17. Motl was sued in small claims by Fort Healthcare. Fort Healthcare filed that lawsuit on October 26, 2020.
18. Motl learned of the existence of this lawsuit when he received letters from lawyers saying that he had been sued. After investigation, Motl was able to determine that it was Fort Healthcare suing him, and contacted Fort Healthcare to discuss the matter.
19. Fort Healthcare then directed Motl to contact Margraf to discuss this. Motl called Margraf and asked if he could set up a payment plan.
20. Margraf told Motl that he was required to pay the entire amount asserted to be owed, and that Motl was required to do so by the time the court date came. Margraf told Motl that if he did not pay the entire bill by that time, "it will go in the paper." Motl took this to mean that the lawsuit or the bills alleged herein would be made public record in the newspaper.
21. Fort Healthcare is or may be charging interest to Motl; demand letters sent to Motl said that "Balances may change on some or all accounts due to interest being added." Telling Motl that his only option was to pay the total amount owed in full meant that Motl would not make payment on any one account unless he could pay all accounts. Upon information and belief, the claims in this case are made up of several smaller accounts. Accordingly, if Motl had been told that he could pay some or all of an account, Motl could have paid a lesser amount and reduced the interest he was being charged.

### First Cause of Action:
### Violation of Chapter 427:

22. Reallege and incorporate the foregoing as though set forth fully at this point.
23. By demanding payment in full on all accounts at once, rather than letting Motl make payments on smaller accounts or partial payments, as well as by threatening to put Motl's debts "in the paper" if he did not pay in full by the court date, and by sending Motl a letter that did not comply with federal law, Margraf violated sections 427.104(1)(c), (e), (g), (j) and (L).
24. Margraf's violations of section 427.104 caused Motl financial and emotional harm.

## Second Cause of Action:
## Violation of Section 421.108:

25. Reallege and incorporate the foregoing as though set forth fully at this point.
26. Margraf's conduct as alleged herein was not honest in fact, and was not within the bounds of reasonable commercial dealing, and Motl has been harmed financially by that conduct by incurring additional interest on his medical bills, and potentially having to pay attorney's fees and court costs because he was sued rather than being able to pay in instalments as Fort Healthcare had let him do before Margraf was involved.

## Third Cause of Action:
## Violation of Section 425.107:

27. Reallege and incorporate the foregoing as though set forth fully at this point.
28. The conduct directed at Motl by Margraf violates section 425.107, and the Court therefore has the power to limit or refuse to enforce the transaction.
29. Although federal courts have held that a plaintiff may not make an affirmative claim for violation of section 425.107, Wis. Stats., said holdings are not binding precedent, and the Wisconsin Supreme Court is, as of the date this complaint is filed, considering a case in which a plaintiff has brought an affirmative claim for violations of section 425.107, and will issue an opinion in the future which will determine as binding precedent whether a plaintiff may make such a claim. Motl therefore brings this cause of action in good faith to preserve his right to maintain such a claim pending the determination of the Wisconsin Supreme Court.

## Fourth Cause of Action:
## Violation of 15 USC 1692d, 1692e, and 1692f.

30. Reallege and incorporate the foregoing as though set forth fully at this point.
31. Margraf's actions alleged herein were done to collect money owed to Fort Healthcare.
32. The money Margraf was trying to collect was allegedly owed by Motl because he received medical services from Forth Healthcare.
33. Margraf's actions as alleged herein constitute harassing and abusive conduct, false and misleading representations, and unfair and unconscionable practices, all in violation of the federal Fair Debt Collection Practices Act.

34. Motl has suffered emotional distress as a result of Margraf's actions as alleged herein, including but not limited to fear of having his debts be put in a public newspaper and the attendant embarrassment and loss of privacy.

### **Punitive Damages:**

35. Reallege and incorporate the foregoing as though set forth fully at this point.
36. Margraf at all times material hereto as a debt collector in Wisconsin was deemed to be aware of Wisconsin law governing its conduct and the conduct of its agents.
37. Margraf's conduct herein is intentional and done with an intentional disregard of Motl's Wisconsin Consumer Act rights, and as a direct and proximate result Motl is entitled to an award of punitive damages.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES HEREIN.**

Dated: This 26th day of October, 2021.   **LAWTON & CATES, S.C.**
Attorney for Motl, Dale R. Motl
*Electronically Signed by:*

*/s/ Briane F. Pagel*
Briane F. Pagel
State Bar No. 1025514

P.O. Address:
345 W. Washington Ave. Ste. 201
P.O. Box 2965
Madison, WI 53703
P: 608.282.6200/F: 608.282.6252
bpagel@lawtoncates.com